NIMMONS, Judge,
concurring in part and dissenting in part.
I concur in the affirmance of the court’s authorization of blood transfusions but dissent from the reversal of the adjudication of dependency.
In my view, a child who has been deprived of necessary medical treatment is a neglected child within the definition of “neglect” under Section 39.01(30).[1] The fact that the child is deprived of such necessary medical treatment because of the parent’s religious beliefs renders the child no less neglected. The provision in the second part of 39.01(30) which says that such a parent shall not “be considered a negligent parent” should not be read to preclude an adjudication of dependency on the basis of neglect. The intent, it seems to me, of such second part of subsection 30 is simply to insulate such parent, who is “legitimately practicing his religious beliefs,” from being proceeded against criminally such as via Section 827.05, Florida Statutes.
I would affirm the adjudication of dependency. I would also certify the above question as one of great public importance.

. Section 39.01(30), Florida Statutes (1986 Supp.), provides:
"Neglect” occurs when the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the person primarily responsible for the child’s welfare deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child’s physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired. The foregoing circumstances shall not be considered neglect if caused primarily by financial inability unless services for relief have been offered and rejected. A parent or guardian legitimately practicing his religious beliefs in' accordance with a recognized church or religious organization who thereby does not provide specific medical treatment for a child shall not, for that reason alone, be considered a negligent parent or guardian; however, such an exception does not preclude a court from ordering the following services to be provided, when the health of the child so requires:
(a) Medical services from a licensed physician, dentist, optometrist, podiatrist, or other qualified health care provider; or
(b) Treatment by a duly accredited practitioner who relies solely on spiritual means for healing in accordance with the tenets and practices of a well-recognized church or religious organization.